IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VICTOR ADRIAN AGUIRRE | § | |
| v. | § | CIVIL ACTION NO. 6:08cv306 |
| MAJOR MICHAEL OWENS, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Victor Aguirre, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining that his constitutional rights were violated during his confinement in the jail. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c). As Defendants, Aguirre named Major Michael Owens and Captain Joe Carmichael, members of the Unit Classification Committee at the Beto Unit, and Sgt. Prentice McBride, a correctional officer at the Beto Unit.

An evidentiary hearing was conducted on July 7, 2009. At this hearing and in his complaint, Aguirre said that beginning in 2004, a series of riots began between inmates from El Paso, Texas, and inmates from Mexico. In January of 2004, Aguirre said that he was placed in administrative segregation. In March of 2007, he was recommended for release from segregation to the general population by the State Classification Committee. The unit classification committee at the Beto Unit then had a hearing, but Aguirre was not allowed to attend this hearing or to explain the problem of the rival factions, so he was released to general population.

Upon his release from segregation on March 19, 2007, Aguirre said, he was taken to Cell T-120. The inmate in that cell asked where Aguirre was from, and Aguirre replied that he was from El Paso. The inmate in the cell said that "no one from El Paso can live here." Officer Thompson,

the escorting officer, called Sgt. McBride, who told Aguirre to collect his property and wait in the dayroom. McBride placed Aguirre in Cell T-106, a different cell, but on the same cellblock.

The next day, Aguirre says, he was assaulted in the dining hall by several inmates, one of whom used a water pitcher. He said that this assault resulted in a fight which officers had to use pepper spray to stop.

Aguirre explained that the troubles between the inmate factions was actually a gang war between two prison gangs, the Barrio Azteca and the PRM (Partido Revolucionario Mexicano, or Revolutionary Party of Mexico). He said that the State Classification Committee told him to address his concerns to the unit committee, but he never got the chance; he said that he was supposed to be allowed to attend a hearing prior to his release from segregation, but he never did.

Warden Dewberry, a TDCJ official also present at the evidentiary hearing, testified that once an inmate was placed in administrative segregation, only the State Classification Committee could release him. He agreed that inmates released from segregation are generally allowed to appear before the unit classification committee, noting that inmates under those circumstances are generally released to G-4 (medium custody). Warden Dewberry indicated that Aguirre was suspected of being a member of the Barrio Azteca gang.

Nurse Kathy Grey said that according to Aguirre's medical records, he received a 1 ½ inch laceration in the back of his head, for which he received two internal stitches and seven staples, as well as a tetanus shot.

Aguirre said that he was not told why he was not allowed to attend the unit classification committee hearing, and that in fact, a response to his Step Two grievance indicated that he had been present at this hearing, even though he had not been. He said that no one came to get him out of his cell for the hearing. Aguirre stated that he thought that this was "more than negligence" because of the inaccurate information put in the record.

Aguirre identified Major Owens and Captain Carmichael as members of the unit classification committee. He said that Sgt. McBride had put him in another cell on the same

cellblock where he had been threatened. He noted that the Step Two grievance said that "records show that you attended the UCC hearing" and that "you never told them your life was in danger," but that the prison officials should have known of the danger when he was threatened by his prospective cellmate. Warden Dewberry testified that records showed that Aguirre had been put in cell T-106 "to prevent an altercation," as per Sgt. McBride.

Legal Standards and Analysis

Aguirre's claim is in essence that the Defendants were deliberately indifferent to his safety. Prison officials have a duty not to be deliberately indifferent to the safety of their inmates. Johnston v. Lucas, 786 F.2d 1254, 1260 (5th Cir. 1986); Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986). A showing of mere negligent indifference is not enough for a constitutional claim. Davidson v. Cannon, 474 U.S. 344 (1986).

In Davidson, the Supreme Court faced the issue of what constitutes deliberate indifference to an inmate's safety. There, an inmate named Davidson was threatened by another inmate, McMillian. Davidson sent a note to the Assistant Superintendent of the prison, Cannon. Cannon passed the note to a guard named James. James, however, left the note on his desk and later forgot about it. McMillian later assaulted Davidson, causing serious injuries.

The Supreme Court acknowledged that the Defendants' lack of due care resulted in serious injury, but held that the lack of due care alone did not approach the sort of abusive governmental conduct that the Due Process Clause was designed to prevent. The Court emphasized that negligence alone was insufficient to trigger the protections of the Fourteenth Amendment. Davidson, 474 U.S. at 347-48.

More recently, the Supreme Court again addressed the issue of deliberate indifference to an inmate's safety in prison. The Court explained that

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. ...

3

> But an official's failure to alleviate a significant risk which he should have perceived, but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer v. Brennan, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 1979 (1994); *see* Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

In this case, Aguirre's pleadings and testimony show that circumstances existed under which he could have been endangered by a release to general population. Warden Dewberry testified that Aguirre should have been seen by the unit classification committee, but this was not done; instead, Aguirre was released to general population without being given an opportunity to present his case to the committee. Had he been given such an opportunity, he may not have been housed around potential enemies. Under these circumstances, the Court has concluded that Aguirre's claims against Owens and Carmichael require further judicial proceedings.

Aguirre also sues Sgt. McBride. His pleadings and testimony show that McBride saw that he could be in danger in Cell T-120, and so moved him to Cell T-106. While it is true that this was on the same cellblock, Aguirre offers nothing to show that McBride knew that he, Aguirre, was in danger everywhere on that cellblock, rather than simply from the inmate in T-120. Even if McBride should have been aware of this, as the Supreme Court said, this is not sufficient to show that he was deliberately indifferent to Aguirre's safety. Rather, the evidence shows and Aguirre does not dispute that McBride saw that Aguirre was in danger in one location, and moved him to another location in order to prevent an altercation. This does not show that McBride was deliberately indifferent to Aguirre's safety, but on the contrary indicates that McBride was attempting to ensure Aguirre's safety. Even if McBride may have been negligent or showed a lack of due care in placing Aguirre on a different cell in the same cellblock, Aguirre has not shown that McBride acted with deliberate indifference so as to subject him to liability under Section 1983. His claim against McBride is without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Aguirre's claim against Sgt. McBride lacks any arguable basis in law and fails to state a claim upon which relief may be granted. Consequently, this claim may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Plaintiff's claim against Sgt. Prentice McBride be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. It is further

ORDERED that Sgt. McBride is hereby DISMISSED with prejudice as a party to this lawsuit. This dismissal shall have no effect upon the Plaintiff's claims against Major Owens or Captain Carmichael. It is further

ORDERED that this dismissal shall not count as a strike for purposes of 28 U.S.C. §1915(g). Finally, it is

ORDERED that the Plaintiff's motion for service of process upon Sgt. McBride, filed July 20, 2009 (docket no. 29) is DENIED.

So **ORDERED** and **SIGNED** this 3 day of **August, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE